**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EPSG, LLC,<br><br>                    Plaintiff,<br><br>     -v-<br><br>WR Payments LLC, Dan Glazer, Ken Tow, and George Davenport,<br><br>                  Defendants. | 2:25-cv-5738<br>(NJC) (AYS) |

## ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On September 8, 2025, Plaintiff EPSG, LLC commenced this action against Defendants WR Payments LLC ("WR Payments"), Dan Glazer, Ken Tow, and George Davenport in the Supreme Court of New York, Suffolk County, bringing claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and state law. (Summons & Compl., Notice of Removal, ECF No. 1-1 at 36–40, 42–45.) Defendants removed the action to this Court on October 14, 2025 pursuant to 28 U.S.C. § 1441. (Notice of Removal ("Notice"), ECF No. 1; Elec. Order, Oct. 14, 2025.) In the Notice of Removal, Defendants asserted both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. (Notice ¶¶ 5–13.)

On February 19, 2026, Plaintiff filed an Amended Complaint, which no longer asserts any federal causes of action and brings only claims under New York common law for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with contractual relationships, and tortious interference with business relationships. (ECF No. 26 at 23–46.) In *Royal Canin U. S. A., Inc. v. Wullschleger*, the U.S. Supreme Court held that, in cases

removed to federal court under 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction, when the "plaintiff amends her complaint to delete all the federal-law claims" that enabled removal, "leaving nothing but state-law claims behind," the federal court loses supplemental jurisdiction over the state claims arising out of the same facts, and the case must be remanded to state court. 604 U.S. 22, 25–26 (2025).

Accordingly, on March 24, 2026, the Court ordered Defendants to show cause why this Court should not dismiss this action for lack of subject matter jurisdiction due to the dismissal of federal claims as required for jurisdiction under 28 U.S.C. § 1331 and the lack of complete diversity of the parties as required for jurisdiction under 28 U.S.C. § 1332. (("March 24 Order to Show Cause"), Elec. Order, Mar. 24, 2026.) The Court noted that, based on the current record, both Plaintiff EPSG, LLC and Defendant Ken Tow are citizens of Florida, eliminating complete diversity between the parties. (*See* Decl. of Jeffrey Rosenblatt, ECF No. 45-1 (attesting that Rosenblatt is a member of EPSG, LLC and a citizen of Florida); Notice at ¶ 10 ("Defendant Ken Tow is an individual residing in and a citizen of Florida.").)

On March 30, 2026, WR Payments filed a motion seeking an extension of time to respond to the Court's March 24, 2026 Order to Show Cause (ECF No. 44) along with a pre-motion letter seeking leave to compel discovery to establish jurisdictional facts (ECF No. 43). WR Payment's motion for an extension of time is denied as untimely.[1] For the reasons set forth

---

[1] WP Payment's motion seeking an extension of time was untimely as it was filed just one day before its response to the Order to Show Cause was due. *See* Individual Rule 1.7.3 (requiring that any request to extend filing deadlines "shall be made at least three (3) business days prior to the scheduled dates"). Even if it were not untimely, the motion is denied because the sole basis for seeking extra time is WP Payment's request for jurisdictional discovery, which the Court denies in an exercise of discretion for the reasons explained below.

below, WR Payment's pre-motion letter seeking to compel jurisdictional discovery is denied and this action is remanded to state court for lack of subject matter jurisdiction.

Defendants fail to show why this case is not controlled by *Royal Canin U.S.A*. As set forth in the Court's March 24, 2026 Order to Show Cause, after the case was removed, the filing of the Amended Complaint eliminated all federal claims in this action. Under *Royal Canin U. S. A.*, 604 U.S. at 25–26, the elimination of the federal claim from the operative pleading in this action removed pursuant to 28 U.S.C. § 1441 deprives this Court of federal question jurisdiction under 28 U.S.C. § 1331 and any supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims, which are the only claims remaining in the action. Because Defendants had also invoked diversity jurisdiction in the Notice of Removal, this Court therefore assessed whether it can exercise diversity jurisdiction over the state law claims under 28 U.S.C. § 1332. *See Davila v. Gutierrez*, 791 F. App'x 211 (2d Cir. 2019) (summary order) (holding that the District Court's assessment of diversity jurisdiction was "proper" after all federal claims had been dismissed).

Review of the Amended Complaint, Corporate Disclosure Statements, and the Notice of Removal reveals a lack of complete diversity of the parties as required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (granting federal courts diversity jurisdiction only over actions that are "between . . . citizens of different States" and meet the amount in controversy requirement). The Order to Show Cause recognized that EPSG, LLC's Corporate Disclosure Statement identifies Jeffrey Rosenblatt as one of its members and indicates that he is a citizen of Florida. (*See* ECF No. 36; ECF No. 30.) Accordingly, on the present record, EPSG, LLC is at least a citizen of Florida. *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("[T]he citizenship of

a limited liability company is determined by the citizenship of each of its members.")[2] Defendants' Notice of Removal also asserts that Defendant Tow is a citizen of Florida. (Notice ¶ 10.)  Accordingly, the Order to Show Cause required Defendant to provide any additional facts concerning jurisdiction.

In response to the Order to Show Cause, Defendant WR Payments has not provided any additional information to demonstrate that Plaintiff EPSG, LLC and Defendant Tow are not both citizens of Florida. Instead, it seeks jurisdictional discovery regarding the citizenship of EPSG, LLC's members in an effort to establish that Plaintiff is not a citizen of Florida, which presumably would establish complete diversity of the parties as required for jurisdiction under 28 U.S.C. § 1332(a).

The Court "retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *Parker v. Bursor*, No. 24-cv-0245, 2024 WL 4850815, at *3 (S.D.N.Y. Nov. 21, 2024) ("District courts enjoy broad discretion in deciding whether and to what extent to permit jurisdictional discovery."). The Second Circuit has recognized that when permitting jurisdictional discovery to determine the citizenship of an LLC, the district court's "discretion should be exercised with caution." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019); *see also Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2021) ("Such discretion has to be carefully exercised" and "introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided if possible" because

---

[2] On March 31, 2026, EPSG, LLC filed an additional letter attaching a sworn affidavit from Rosenblatt in which he attests that he is citizen of Florida. *See* ECF No. 45-1; *see also Carter*, 822 F.3d at 60.

litigation "can be complex enough" without litigation "just to get to square one . . . the existence of diversity.").

WR Payments' request for jurisdictional discovery is denied. There is nothing unusual about this action, which is brought by an LLC against another LLC and three individuals. Notwithstanding WR Payments' contention that it is experiencing difficulty determining the citizenship of ESPG, LLC, that challenge is not uncommon or unexpected. The Second Circuit has recognized that it may be challenging to ascertain the citizenship of an LLC as required in order to show that the complete diversity requirement for jurisdiction under 28 U.S.C. § 1332 is satisfied. *See Platinum-Montaur Life Scis., LLC, Inc*., 943 F.3d at 617, 19 (noting that the requirement to ascertain the citizenship of each LLC member "may make it more difficult . . . to sue or be sued in federal court under diversity jurisdiction" because of the "scrupulous enforcement of these jurisdictional rules" but that "the party asserting federal jurisdiction bears the burden of establishing" it). Defendants asserted diversity jurisdiction in their Notice of Removal, but that assertion is belied by the factual record. This Court therefore exercises its discretion to deny WR Payments' request for jurisdictional discovery. *See id*. at 618 (requiring district courts to exercise caution in granting jurisdictional discovery).

Although WR Payments complains that Plaintiff had originally consented to removal of this action and has since changed its mind, such a procedural posture fails to change this Court's analysis of jurisdiction. Parties cannot agree to enlarge this Court's jurisdiction. *See City of New York v. Fleet Gen. Ins. Grp., Inc.*, No. 22-2867, 2024 WL 3517856, at *2 (2d Cir. July 24, 2024) ("Graven in stone is the maxim that parties cannot confer jurisdiction on a federal court by consent or stipulation.") (quoting *Reale Int'l, Inc. v. Fed. Republic of Nigeria*, 647 F.2d 330, 331 (2d Cir. 1981)); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)

("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.").

Accordingly, Defendants have failed to establish that this Court has jurisdiction over this action under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the two bases for jurisdiction invoked in the Notice of Removal. This action is therefore remanded to the Supreme Court of New York, Suffolk County pursuant to 28 U.S.C. § 1447(c).

Dated: Central Islip, New York
      April 2, 2026

    */s/ Nusrat J. Choudhury*
    NUSRAT J. CHOUDHURY
    United States District Judge